UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MICHAEL PERKINS,

    Petitioner,

v.

ROBERT HOREY, WARDEN (A), et al.

    Respondents.

NO. CV-07-316-RHW-JPH

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Ct. Rec. 1). On January 29, 2007, Petitioner, a state prisoner incarcerated at California State Prison-Solano in Vacaville, California, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("Board") decision to deny him parole.[1]

In his Petition, Petitioner sets forth three grounds for relief: (1) the Board's finding of unsuitability was based primarily on the nature of Petitioner's crime and past criminal conduct; lack of nexus between the crime facts and Petitioner's current dangerousness; (2) the denial of parole is a breach of his original plea bargain; and (3) the Board is without jurisdiction over Petitioner's sentence because Petitioner is not a life-term prisoner.

---

[1] The Petition was originally filed in the Northern District of California, but was subsequently transferred to the Eastern District of California where Petitioner is in custody.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 1**

**PROCEDURAL HISTORY**

On March 17, 1989, Petitioner plead guilty to second-degree murder and was sentenced to a term of between 16 years and life. On October 27, 2005, Petitioner appeared before the Board to determine whether a release date should be set.[2] The Board found that Petitioner was unsuitable for parole and would continue to pose an unreasonable risk of danger to society or a threat to public safety if released from prison. The Board delayed a subsequent hearing for three years. The Board relied on a number of factors in denying Petitioner's parole. It found that the offense was aggravated, and carried out in an especially cruel and callous manner; motive was lacking, or at the least, trivial; there was an escalating pattern of criminal violence; and Petitioner continued to have behavioral problems while incarcerated. The Board was also concerned about Petitioner's lack of parole plans and his failure to increase his education. The Board concluded that Petitioner was unsuitable for parole because he posed an unreasonable risk to society and a threat to public safety if released from prison.

Petitioner filed a Petition for Writ of Habeas Corpus in the San Francisco County Superior Court challenging the denial. The state court upheld the Board's parole denial in a thorough and reasoned opinion. In finding "some evidence" to support the Board's finding of parole unsuitability, the state court explained:

> The decision of the Board members reveals that one of the reasons petitioner was denied parole was that the offense was carried out in an extremely cruel and callous manner. Petitioner beat a 63 year-old man in the face and head numerous times, leaving the victim on all fours on the floor of the victim's kitchen. The victim was found on his back, deceased, having choked on the blood. The motive for the crime was trivial, a monetary argument with the victim, his boss. The petitioner had been drinking heavily at the time and smoked PCP before the incident. The Board members found Petitioner's life replete with alcohol and drugs.

---

[2]Petitioner's minimum eligible parole date was January 15, 1999. Petitioner has previously appeared before the Board on July 17, 2001, at which time he received a three-year denial, and on December 28, 2004, which was postponed to obtain a new psychiatric report.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 2**

> His history showed an escalating pattern of criminal activity. Petitioner had a history of unstable residences as Petitioner moved frequently due to his stepfather's military career. He has previous failed grants of probation. He had numerous arrests for serious crimes as a adult. Petitioner has had seven 115s [major disciplinary actions], and one since the last parole hearing for possessing inmate-manufactured alcohol.

*Id*. at 2-3.

Petitioner appealed the decision to the California Court of Appeals. It was summarily denied. Petitioner then filed a Petition in the California Supreme Court, which was also summarily denied.[3]

## BACKGROUND FACTS

The underlying conviction occurred on November 13, 1987. The victim was 63 years old. He was found lying dead on his kitchen floor after being hit over the head with a vodka bottle. Petitioner was arrested shortly thereafter. According to Petitioner, on the day of the murder he and the victim had been arguing over the quality of Petitioner's recent skylight installation at the victim's house. Petitioner admitted to smoking PCP and drinking heavily beforehand. At some point the dispute escalated and eventually resulted in the victim's death. Petitioner plead to second-degree murder and was sentenced to an "indeterminate term" of 16 years to life.[4]

## STANDARD OF REVIEW

This petition for writ of habeas corpus was filed after the effective date of the AEDPA, and thus 28 U.S.C. § 2254 establishes the applicable standard of review. This section mandates deference to state court decisions on claims adjudicated on the

---

[3] As a result, this Court looks to the decision of the San Francisco County Court as the last reasoned opinion of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991).

[4] The original statutory minimum (15 years) was enhanced by one year due to Petitioner committing the offense with a deadly and dangerous weapon. CAL. PENAL CODE § 12022(b).

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 3**

merits in the state court, and allows a federal court to grant habeas relief only where the state court's resolution of a claim: (1) is contrary to, or an unreasonable application of, clearly established federal law; or (2) is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

## EXHAUSTION OF STATE REMEDIES

As a preliminary matter, Petitioner must have exhausted his state remedies before seeking habeas review in federal court.  The federal courts are not to grant a writ of habeas corpus brought by a person in state custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008), *citing* 28 U.S.C. § 2254(b)(1)(A).  "This exhaustion requirement is 'grounded in principles of comity' as it gives states 'the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Id., citing Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  All that is required, however, is that the state courts have an opportunity to remedy an error, not that they actually took advantage of the opportunity. *Scott v. Schriro*, 567 F.3d 573, 583 (9th Cir. 2009).

In order to exhaust state remedies, a petitioner must have raised the claim in state court as a federal claim, not merely as a state law equivalent of that claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  The state's highest court must be alerted to and given the opportunity to correct specific alleged violations of its prisoners' federal rights. *Wooten*, 540 F.3d at 1023.  To properly exhaust a federal claim, the petitioner is required to have presented the claim to the state highest's court based on the same federal legal theory and the same factual basis as is subsequently asserted in federal court.  *Id*.

The State admits that Petitioner has exhausted his state judicial remedies as to the BPT's 2005 denial of parole.  It argues that Petitioner has not exhausted any of his claims challenging the California parole scheme.  In his federal habeas petition,

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** ~ 4

Petitioner states that he raised the following grounds in his state court Petition: (1) no evidence in the record of the hearing to support parole denial; (2) no evidence or nexus to support parole unsuitability; (3) the Department of Corrections and the Board of Prison Hearings have exhausted legal authority to proceed; and (4) the state has breached negotiated plea agreement. (Ct. Rec. 1, p.12). The Court finds that Petitioner has exhausted his federal claims.

### PETITIONER'S CLAIMS

**1.    Claim One: Denial of Parole**

Petitioner challenges the denial of his parole, asserting that there is no evidence supporting any of the state's reasons for parole denial; and no evidence that establishes a nexus between the stated reasons for the parole denial with the ultimate conclusion reached, that is, that Petitioner would pose "an unreasonable risk of danger if released from prison."

California Penal Code section 3041 vests Petitioner and all other California prisoners, whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date. *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007). This liberty interest is protected by the procedural safeguards of the Due Process Clause. *Id.* (citations omitted). At the time that Petitioner's state habeas petition was before the state courts, the Supreme Court had clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by "some evidence in the record, or is "otherwise arbitrary." *Id.* at 851. *Irons* instructs that in determining whether the state parole board's suitability is supported by "some evidence," courts must look to the relevant state law and regulations "to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by 'some evidence' in [Petitioner's] case constituted

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 5**

an unreasonable application of the "some evidence' principle set forth in *Hill*."[5]  *Id.*

In *Iron*, the Circuit explained that under California law, prisoners serving an indeterminate sentence for second degree murder "may serve up to life in prison, but become eligible for parole consideration after serving minimum terms of confinement." *Id.*  "Although the Board must 'normally set a parole release date' before the minimum term has been served, an inmate 'shall be found unsuitable for parole and denied parole if, in the judgment of the Board, the prisoner will pose an unreasonable risk of danger to society if released from prison.'" *Id.* (citations omitted).

The Board must determine whether a prisoner is presently too dangerous to be deemed suitable for parole based on the "circumstances tending to show unsuitability" and the "circumstances tending to show suitability" set forth in Cal.Code. Regs., tit. 15 § 2402(c)-(d).[6]  A prisoner's commitment offense may

---

[5]Superintendent v. Hill, 472 U.S. 445, 457 (1985).

[6]Under these regulations, the circumstances tending to show that a prisoner is unsuitable include: (1) the commitment offense, where the offense was committed in "an especially heinous, atrocious or cruel manner"; (2) the prisoner's previous record of violence; (3) "a history of unstable or tumultuous relationships with others"; (4) commission of "sadistic sexual offenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "serious misconduct in prison or jail." Cal.Code. Regs., tit. 15 § 2402(c). Circumstances tending to show that a prisoner is suitable for parole include: (1) the prisoner has no juvenile record; (2) the prisoner has experienced reasonably stable relationships with others; (3) the prisoner has shown remorse; . . . (6) the prisoner lacks any significant history of violent crime; . . .(8) the prisoner "has made realistic plans for release or has developed marketable skills that can be put to use upon release"; (9) "[i]nstitutional activities indicate an enhanced ability to function within the law upon release."

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** ~ 6

constitute a circumstance tending to show that a prisoner is presently too dangerous to be found suitable for parole, but the denial of parole may be predicated on a prisoner's commitment offense only where the Board can "point to factors beyond the minimum elements of the crime for which the inmate was committed" that demonstrate the inmate will, at the time of the suitability hearing, present a danger to society if released. *Irons*, 505 F.3d at 852.

In this case, the state court thoroughly reviewed Petitioner's "some evidence" claim as well as the Board's reasons for finding Petitioner unsuitable for parole. It identified fact-specific reasons to support its conclusion that Petitioner was unsuitable for parole, and each of these correlated to factors considered relevant by California statute for making such a determination. More importantly, and contrary to Petitioner's argument, the Board did not rely solely on the commitment offense in denying Petitioner parole; it also cited his history of substance abuse, escalating criminal conduct, and institutional behavior. The record demonstrates that these findings are supported by some evidence. As such, the state court's denial of Petitioner's habeas petition was not contrary to or an unreasonable application of, clearly established Federal law.

**2.      Claim Two: Breach of Plea Agreement**

Petitioner argues that although there were no special conditions and/or promises made at the time he entered into the plea agreement with the state, he was led to believe that if he plead guilty and made changes within his life he would be provided parole. According to Petitioner, he "knew from experience that as long as he did not continue to demonstrate the dangerous behaviors that brought him to prison that he would be found suitable for parole under the law existing at the time of his plea." Petitioner also argues that the State has changed the terms of the plea agreement by altering the conditions Petitioner would be subjected to in order to

---

Cal.Code. Regs., tit. 15 § 2402(d).

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 7**

obtain a parole and release from custody.

Here, Petitioner's claim fails because he cannot show that he was promised in the plea agreement that he would be released from prison as soon as he became eligible for parole. Petitioner relies upon his belief as to when he would be paroled, but there is nothing in the record that indicates that the sentencing court or the prosecutor agreed to such a term in the plea agreement. Petitioner has failed to produce any documentation that indicates that there was a promise or representation regarding parole eligibility at the time of the plea.

Petitioner relies on *Brown v. Poole*, in support of his position. 337 F.3d 1155 (9th Cir. 2003). In that case, the prosecutor, during the plea colloquy, specifically stated that the defendant must serve a minimum of half of the state sentence, but if she behaved herself, she would get half of the 15 years off. *Id.* at 1157. The Circuit concluded that the statements of the prosecutor–promising the defendant early relief in exchange for good behavior--were terms contained on the oral contract.

The state court did not specifically address Petitioner's arguments, although it appears that it was presented in Petitioner's briefing. Nevertheless, the Court finds that the Petitioner's claim is without merit and habeas relief is not warranted.

**3.    Claim Three**: **Jurisdictional Challenge**

Petitioner argues that the Board does not have jurisdiction over him because he is not a life-term prisoner. Petitioner argues that Penal Code § 3041(a) and (b) were intended by the Legislature to provide the Board with the setting of terms pursuant to the creation of the Determinate Sentencing Act, codified in Penal Code § 1170. Petitioner also argues that assuming the Board retains power to fix Petitioner's term, impose his sentence, or grant him parole, nothing in the California statutes permits the Board to require Petitioner to adhere to some level of rehabilitation to secure his release.

Petitioner's arguments are without merit. Petitioner has not cited any case law in support of his argument that the Board does not have jurisdiction to determine his

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 8**

release date. Contrary to Petitioner's assertions, the Board is not required to set fixed release dates for all life prisoners. *In re Dannenberg*, 34 Cal. 4th 1061, 1071 (2005) (noting that § 3041 fixed in advance under principles of uniform incarceration for similar offenses, would define the actual terms of imprisonment for eligible life prisons, but that subsection (b) provided that the parole authority would have the express power and duty, in an individual case, to *postpone* the fixing of the firm release date, and thus, to continue the inmate's *indeterminate* status within his life-maximum sentence, if it found that the circumstances of the prisoner's crime or criminal history presented a continuing risk to public safety).

**4.     Referral**

The Court initially referred this case to Magistrate Judge Hutton. In the interests of justice, the Court has determined that this referral is no longer necessary.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus (Ct. Rec. 1) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 26th day of February, 2010.


             *s/Robert H. Whaley*

              ROBERT H. WHALEY
              United States District Judge

C:\WINDOWS\Temp\notes101AA1\deny.wpd

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** ~ 9